**V I R G I N I A:**

IN THE CIRCUIT COURT FOR THE CITY OF NORFOLK

AMANDA R. MAYES,

**Plaintiff,**

V.

Case No.: 22 - 5806

CITY OF NORFOLK, VIRGINIA,

Serve:    Bernard Pishko, Esq.
          Norfolk City Attorney's Office
          810 Union Street, Suite 900
          Norfolk, VA 23510

FILED

APR 25 2022

NORFOLK CIRCUIT COURT CLERK
BY_____ D.C.

**Defendant.**

## COMPLAINT

COMES NOW, the plaintiff, Amanda R. Mayes ("Mayes"), and for her Complaint in this action, states as follows:

### Facts

1. At all times relevant to this action, Mayes was employed as a Benefit Programs Supervisor in the Department of Human Services for the City of Norfolk, Virginia ("Norfolk") from June 7, 2021 to December 7, 2021.

2. Mayes' job responsibilities while working for Norfolk included supervising, planning, organizing and directing benefit program determination and overseeing the work of professional and clerical staff within the Norfolk Department of Human Services.

1

3. Mayes' job responsibilities also included the monitoring of job performance, evaluating the caseloads of the employees she supervised and ensuring the integrity and legal compliance of the programs that she supervised.

4. Mayes' job responsibilities also included evaluating and/or recommending changes to the programs and making decisions on controversial or sensitive issues as well as planning and managing programs.

5. At all times relevant to this action, Norfolk was an employer transacting business in the City of Norfolk, Virginia and employed more than 500 people.

6. During her employment with Norfolk, Mayes supervised several employees of Norfolk that worked in the administration of public benefit programs.

7. During her employment with Norfolk, Mayes reported to her direct supervisor and manager, Ms. Camelia Kee ("Kee"). At all times relevant to this action, Kee acted as an employee and agent of Norfolk.  During her employment with Norfolk, Kee and Norfolk advised Mayes that the employees that she supervised were not allowed to work an amount of hours or time that would, pursuant to the Fair Labor Standards Act (29 U.S.C. §1801, et seq.) and/or the Virginia Minimum Wage Act (§40.1-29.2, Code of Virginia) require Norfolk to pay them for "overtime" or wages in excess or their normal rate of pay without the prior approval of management.   Nevertheless, Norfolk and Kee frequently demanded and required that such employees work an amount of hours or time that, pursuant to the Fair Labor Standards Act (29 U.S.C. §1801, et seq.) and/or the Virginia Minimum Wage Act (§40.1-29.2, Code of Virginia) required Norfolk to

pay them for "overtime" or wages in excess or their normal rate of pay yet refused to pay the increased wages.

8. During her employment with Norfolk, Mayes reported to Kee, her direct supervisor and manager, and to Norfolk that many of the employees she supervised as well as Norfolk employee that Mayes di not supervise, were working in excess of 40 hours per week and working "off the clock" in order to effectively manage the cases assigned to them by Norfolk.

9. During her employment with Norfolk, Mayes reported to her direct supervisor and manager, Kee and to Norfolk that many of the non-exempt employees that she supervised were requesting and were entitled to receive overtime pay for working in excess of 40 hours per week and working "off the clock" in order to manage the cases assigned to them by Norfolk.

10. During her employment with Norfolk, Mayes complained to her direct supervisor and manager, Kee and to Norfolk that Norfolk was allowing non-exempt employees of Norfolk to work "off the clock" and without pay so that those employees could complete their assigned casework. Mayes persistently addressed this issue with leadership over several months.

11. On September 19, 2021, Mayes received an email from an employee of Norfolk requesting overtime pay for time necessarily worked in order to complete her caseload assigned from Norfolk. (See attached Exhibit A).

12. On September 20, 2021, Mayes sent an email to Kee advising of Blount's request for overtime pay and the steps taken by Mayes to request such payment. (See attached Exhibit B).

13. On September 22, 2021, Mayes received another request from a worker that she supervised regarding a request for overtime compensation from Norfolk. (See attached Exhibit C). Mayes conveyed the request to Kee and Norfolk and Mayes reiterated that employees of Norfolk were working "off the clock" in order to complete their case assignments and were entitled to overtime compensation unless changes were made to address the workload.  On several occasion after the September 22, 2021 email (and prior to her termination),Mayes also made several recommendations to Kee and Norfolk as to ways to address the caseload issue so that the employees of Norfolk could complete their caseload without incurring overtime wages in the future.

14. On September 29, 2021, Mayes wrote to Kee advising her that an employee of Norfolk made a second request for overtime pay due to excessive hours worked. On September 30, 2021, Kee wrote to Mayes that Norfolk would not approve overtime "at the moment."  (See attached Exhibit D).

15. On October 19, 2021, Mayes forwarded to Kee another email from an employee of Norfolk regarding a request for overtime payment due to her heavy case load. (See attached Exhibit E).

16. On October 20, 2021, Kee responded to Mayes' October 19, 2021 email by simply stating that workers were not to be working off the clock. (See attached Exhibit F).  This follow an in person meeting between Mayes and Kee during which Mayes advised Kee that, despite Kee and Norfolk announcing that no Norfolk employees could work overtime without approval, those employee nevertheless continued to work uncompensated overtime hours in order to meet

4

the demands of Norfolk and Kee.   Mayes specifically advised Kee and Norfolk that Mayes was concerned about an investigation by the U.S. Department of Labor due to the overtime issues. Kee and Norfolk advise Mayes that the employees were experienced and would "figure it out."

17. On October 20, 2021, Mayes sent an email to the team of Norfolk employees that she supervised informing them of Kee's decision and advising the employees that they were not able to work unpaid time and that their overtime requests had not yet been approved. (See attached Exhibit G).

18. On November 23, 2021, Mayes met with Kee and Norfolk to discuss performance. Again, Mayes brought up the caseload of the employees that Mayes supervised as well as their requests for and entitlement to overtime compensation. During the November 23, 2021 meeting, Mayes expressed her concerns to Kee that the employees of Norfolk that Mayes was supervising were working off the clock to manage their caseload.

19. During her employment with Norfolk, Mayes never received a negative or adverse employment evaluation. In fact, Kee and Norfolk advised Mayes several times that she was doing well. Norfolk and Kee added Mayes to certain focus groups and given special assignments prior to her abrupt termination on December 7, 2021.

20. During the meeting on November 23, 2021, Kee advised Mayes that Mayes was performing her job well.

21. On December 7, 2021, only seven (7) business days after the November 23, 2021 meeting with Kee, Norfolk summarily terminated its employment of Mayes.

Norfolk falsely and wrongfully wrote a termination letter dated December 6, 2021 stating that Mayes was "incompetent" in the performance of her job duties and was in "serious neglect of duty" and had violated several city policies.  These allegations were false and Norfolk and Kee knew they were false at the time the letter was written.

22. The false allegations in the December 6, 2021 termination letter were published to third parties.

23. Since Mayes was terminated on December 7, 2021, Norfolk has continued to encourage the employees of Norfolk that were previously supervised by Mayes to continue to work "off the clock" and without overtime compensation in order to complete their caseloads.

### Count I (Retaliation—Fair Labor Standards Act)

24. Mayes hereby restates paragraphs 1- 23 of the Complaint as if fully restated herein.

25. At all times relevant to this action, Mayes engaged in activity protected by the Fair Labor Standard Act, 29 U.S.C. §215(a).

26. Kee and Norfolk terminated its employment of Mayes in direct retaliation for Mayes engaging in activity protected by the Fair Labor Standard Act.

27. Kee and Norfolk terminated its employment of Mayes in direct retaliation for Mayes' good faith reporting of violations of the Fair Labor Standards Act in violation of 29 U.S.C. § 215(a)(3) and for Mayes' efforts to organize a labor action on behalf of Norfolk employees.

28. As a direct and proximate result of Norfolk and Kee's unlawful retaliation against Mayes in violation of the Fair Labor Standards Act, Mayes has suffered and incurred damages and incurred attorney's fees and costs.

### Count II (Retaliation—Virginia Code §40.1-27.3)

29. Mayes hereby restates paragraphs 1- 28 of the Complaint as if fully restated herein.

30. At all times relevant to this action, Mayes made good faith reports to Kee and Norfolk of suspected violations of both the federal Fair Labor Standards Act (29 U.S.C. §1801, et seq.) and the Virginia Minimum Wage Act (§40.1-29.2, Code of Virginia) as well as other possible violations of federal and or state law.

31. Kee and Norfolk terminated its employment of Mayes and otherwise discriminated against Mayes in direct retaliation for Mayes reporting the suspected violations and federal and/or state law to Kee and Norfolk.

32. Kee and Norfolk terminated its employment of Mayes and discriminated against Mayes in direct violation of §40.1-27.3 and §40.1-29.2, Code of Virginia.

33. As a direct and proximate result of Norfolk and Kee's unlawful violation of (§40.1-27.3 and §40.1-29.2, Code of Virginia), Mayes has suffered and incurred damages and incurred attorney's fees and costs.

### Count III (Retaliation—Virginia Code §2.2-3010)

34. Mayes hereby restates paragraphs 1- 33 of the Complaint as if fully restated herein.

35. At all times relevant to this action, Mayes was an "Employee" and Norfolk was an "Employer" as those terms are defined in the Virginia §2.2-3030 of the <u>Code of Virginia</u> (The Fraud and Abuse Whistle Blower Protection Act).

36. At all times relevant to this action, Kee and Norfolk engaged in "Misconduct" and "Wrongdoing" as those terms are defined in §2.2-3010, <u>Code of Virginia</u>.

37. Norfolk and Kee terminated Mayes' employment in direct retaliation for Mayes' reporting of the misconduct and wrongdoing in violation of §2.2-3011 <u>Code of Virginia</u>.

38. Norfolk and Kee's actions in terminating Mayes' employment were in direct violation of §2.2-3011 <u>Code of Virginia</u>.

39. As a direct and proximate result of the defendants' violations of §2.2-3011 <u>Code of Virginia</u>, Mayes has suffered damages including lost wages and benefits and has lost her employment position with Norfolk.

## Count IV (Defamation)

40. Mayes hereby restates paragraphs 1- 23 of the Complaint as if fully restated herein.

41. On December 6, 2021, Norfolk intentionally and maliciously published the false statements that Mayes was "incompetent" to perform her job duties, that Mayes had violated policies and procedures that applied to Norfolk employees, and that Mayes had "seriously neglected" her duty as an employee of Norfolk. At the time that Norfolk made the statements, Norfolk knew or should have known that the statements were false.

42. The statements made by Norfolk were about Mayes and imputed to Mayes and unfitness to work in her chosen profession and were damaging to Mayes' reputation.

43. As a direct and proximate result of the defamatory statements made by Norfolk, Mayes has suffered damaged.

### Jury Demand

44. Mayes demands a trial by jury on all issues pursuant to Rule 3:21 of the <u>Rules of the Supreme Court of Virginia</u>.

### Claim For Attorney's Fees

45. Mayes requests an award of her attorney's fees and costs incurred in this matter pursuant to 29 U.S.C. §216(b), §40.1-27.3(C), <u>Code of Virginia</u> and §2.2-3011(D) <u>Code of Virginia</u>.

46. Pursuant to Rule 3:25 of the <u>Rules of the Supreme Court of Virginia</u>, Mayes moves the Court to establish a procedure to adjudicate her claim for attorney's fees in advance of trial or during trial.

### Relief Sought

WHEREFORE, Mayes moves this Honorable Court to enter judgment in her favor against the defendants, jointly and severally and to award Mayes the following relief:

A. A judgment of compensatory damages to include an award of back pay of all lost salary and fringe benefits, with interest, from December 7, 2021 until the date of judgment as well as an equal amount as liquidated damages;

B.  A judgment of $395,000.00 in compensatory damages.

C.  An award of $100,000.00 in punitive damages;

D.  An award of reinstatement to her position of employment that she held immediately prior to her suspension and termination or to an equivalent position;

E.  An award of her attorney's fees and costs incurred in this action.


**AMANDA R. MAYES**


W. Barry Montgomery, Esq.    (VSB# 43042)
KPM Law
901 Moorefield Park Dr., Suite 200
Richmond, VA 23236
Tel:   (804)  320-6300
Fax:   (804)  320-6312
Barry.montogmery@kpmlaw.com
Counsel for Amanda Mayes

**W. Barry Montgomery**

Please Reply: Central Virginia Office
Direct Dial: (804) 521-6453
E-mail: barry.montgomery@kpmlaw.com
Website: www.kpmlaw.com



22- 5806

KALBAUGH PFUND & MESSERSMITH, P.C.

---//---

**CENTRAL VIRGINIA**
901 Moorefield Park Drive
Suite 200
Richmond, Virginia 23236
p 804.320.6300
f 804.320.6312

---//---

**NORTHERN VIRGINIA**
3950 University Drive
Suite 204
Fairfax, Virginia 22030
p 703.691.3331
f 703.691.3332

---//---

**EASTERN VIRGINIA**
555 East Main Street
Suite 1200
Norfolk, Virginia 23510
p 757.623.4500
f 757.623.5700

---//---

**WESTERN VIRGINIA**
2840 Electric Road
Suite 312
Roanoke, Virginia 24018
p 540.776.3583
f 540.776.1542

April 25, 2022

Hon. George E. Schaefer, Clerk
Norfolk Circuit Court
150 St. Paul's Boulevard, 7th Floor
Norfolk, VA 23510-2773

RE:   Amanda R. Mayes v. City of Norfolk
      Court File No.:   New Filing

Dear Mr. Schaefer:

I have enclosed an original plus one (1) service copy of a Complaint to be filed and served in this case. I have also enclosed a Civil Cover Sheet and a check for $316.00 to cover the filing and service fees.

Thank you for your consideration and please do not hesitate to contact me with any questions or concerns.

Very truly yours,

W. Barry Montgomery

Enclosures
WBM/klj

cc:     Amanda R. Mayes
        (with enc.)



FILED
APR 25 2022
NORFOLK CIRCUIT COURT CLERK
BY _____ D.C.

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. 22 - 5806
(CLERK'S OFFICE USE ONLY)

................................ City of Norfolk ................................ Circuit Court

Amanda R. Mayes ................................ v./In re: ................................ City of Norfolk, Virginia
PLAINTIFF(S)                                         DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**
**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Counterclaim
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or
    driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
    [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[X] Other General Tort Liability

**ADMINISTRATIVE LAW**
[ ] Appeal/Judicial Review of Decision of
    (select one)
    [ ] ABC Board
    [ ] Board of Zoning
    [ ] Compensation Board
    [ ] DMV License Suspension
    [ ] Employee Grievance Decision
    [ ] Employment Commission
    [ ] Local Government
    [ ] Marine Resources Commission
    [ ] School Board
    [ ] Voter Registration
    [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
[ ] Adoption
    [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
    [ ] Annulment – Counterclaim/Responsive
        Pleading
[ ] Child Abuse and Neglect – Unfounded
    Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
    [ ] Complaint – Contested*
    [ ] Complaint – Uncontested*
    [ ] Counterclaim/Responsive Pleading
    [ ] Reinstatement –
        Custody/Visitation/Support/Equitable
        Distribution
[ ] Separate Maintenance
    [ ] Separate Maintenance Counterclaim

**WRITS**
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

**PROBATE/WILLS AND TRUSTS**
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
    [ ] Guardian/Conservator
    [ ] Standby Guardian/Conservator
    [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
    [ ] Impress/Declare/Create
    [ ] Reformation
[ ] Will (select one)
    [ ] Construe
    [ ] Contested

**MISCELLANEOUS**
[ ] Amend Death Certificate
[ ] Appointment (select one)
    [ ] Church Trustee
    [ ] Conservator of Peace
    [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured
    Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
    [ ] Reinstatement pursuant to § 46.2-427
    [ ] Restoration – Habitual Offender or 3rd
        Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
    [ ] Correct Erroneous State/Local
    [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

FILED
APR 25 2022
NORFOLK CIRCUIT COURT CLERK
BY _____ D.C.

[X] Damages in the amount of $ 395,000.00 ................................ are claimed.

April 22, 2022
DATE

[ ] PLAINTIFF   [ ] DEFENDANT   [ ] ATTORNEY FOR   [X] PLAINTIFF
                                               [ ] DEFENDANT

W. Barry Montgomery
PRINT NAME

KPM Law, 901 Moorefield Park Dr., Suite 200, Richmond, VA 23236
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

Tel: (804) 320-6300;    barry.montgomery@kpmlaw.com

EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

FORM CC-1416 (MASTER) PAGE ONE 07/16

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

Overtime

BS   Blount, Sonya
        To ● Mayes, Amanda R

ⓘ You forwarded this message on 9/20/2021 9:58 AM.

                                                                    ↩ Reply   ↩↩ Reply All   → Forward
                                                                                         Sun 9/19/2021 10:40 AM

Good morning,

On 9/16/2021, I received 12 new applications to be processed. In addition to my other responsibilities and a lagging VACMS system, there was no way humanly possible to complete these in my scheduled 8 hour work day.

I am requesting overtime to complete these cases which are now out of compliance. Your consideration is highly appreciated.

Thank you in advance,

Sonya Blount
Benefit Programs Specialist, II
Department of Human Services
757.664.6086
757.664.3275(fax)

PLAINTIFF'S
EXHIBIT

tabbies



FW: Overtime

Mayes, Amanda R.
To ○ O'Kee, Ganelia

Mon 9/20/2021 3:08 PM

↩ Reply    ↩ Reply All    → Forward

Good afternoon,

Here's the email I referenced from Ms. Blount. I told the team that we're waiting on news but nothing's guaranteed. Thank you!

**Amanda Mayes**
**Benefit Programs Supervisor**

Norfolk Department of Human Services
741 Monticello Avenue
Norfolk, VA 23510

Phone: 757-297-6347
Fax: 757-664-3275
Amanda.Mayes@norfolk.gov

**From:** Blount, Sonya <Sonya.Blount@norfolk.gov>
**Sent:** Sunday, September 19, 2021 10:40 AM
**To:** Mayes, Amanda R <Amanda.Mayes@norfolk.gov>
**Subject:** Overtime

Good morning,

On 9/16/2021 I received 12 new applications to be processed. In addition to my other responsibilities and a lagging VACMS system, there was no way humanly possible to compile these in my scheduled 8 hour work day.

PLAINTIFF'S EXHIBIT

B



RE: in the office

Perry, Tarie
To: Mayes, Amanda R

You replied to this message on 9/22/2021 8:49 PM.

You to even though I'll still be working lol..

Did she ever get back with about the overtime?

**From:** Mayes, Amanda R <Amanda.Mayes@norfolk.gov>
**Sent:** Wednesday, September 22, 2021 3:16 PM
**To:** Perry, Tarie <Tarie.Perry@norfolk.gov>
**Subject:** RE: in the office

Thanks, have a great evening!

Amanda Mayes
Benefit Programs Supervisor

Norfolk Department of Human Services
741 Monticello Avenue
Norfolk, VA 23510

Phone: 757-297-6347
Fax: 757-664-3275
Amanda.Mayes@norfolk.gov

**From:** Perry, Tarie <Tarie.Perry@norfolk.gov>

PLAINTIFF'S EXHIBIT C



RE: Request

Kee, Camelia
To ● Mayes, Amanda R

① You forwarded this message on 9/30/2021 9:10 AM.

Good Morning Amanda,

I don't think Mrs. Hurt is approving overtime at the moment. However, if you provide me with a list of cases, I will disburse them. I know we were not able to assist her the last time.

**From:** Mayes, Amanda R <Amanda.Mayes@norfolk.gov>
**Sent:** Wednesday, September 29, 2021 6:35 PM
**To:** Kee, Camelia <Camelia.Kee@norfolk.gov>
**Subject:** FW: Request

Good evening Ms. Kee,

This is Ms. Blount's second request for overtime, please let me know if this is an option, thank you!

Amanda Mayes
Benefit Programs Supervisor

Norfolk Department of Human Services
741 Monticello Avenue
Norfolk, VA 23510

Phone: 757-297-6347
Fax: 757-664-3275
Amanda.Mayes@norfolk.gov

Reply | Reply All | Forward

Thu 9/30/2021 8:25 AM

PLAINTIFF'S EXHIBIT
D

RE: Worker concern

Kee, Camelia
To ● Mayes, Amanda R ○

↩ Reply  ↩↩ Reply All  → Forward  …

Tue 10/19/2021 10:49 AM

Thanks Amanda. Call me on your break.

**From:** Mayes, Amanda R <Amanda.Mayes@norfolk.gov>
**Sent:** Tuesday, October 19, 2021 10:38 AM
**To:** Kee, Camelia <Camelia.Kee@norfolk.gov>
**Subject:** Worker concern

Good morning Ms. Kee,

I just wanted to loop you in on a question I received from Ms. Blount, since we were talking yesterday about how people can help.

"Just to give you a heads up, I have 10 plus new app cases today. I had to make a decision to pause on the new applications for a moment to revisit cases where people have turned in verifications and phone calls for people who have issues. So, I haven't started any of them as of yet. I am having to reinstate cases that were auto closed and everything. In asking them to approve overtime, I was hoping that they would consider that we still have cases that we have to update and process outside of new apps. I know we can only do what we can, but the clients are the ones getting the short end of the stick. If we are not being silently expected to do these cases on our own time, when are we going to have time to complete the pending cases when we are working application all day every day? Just a question that I keep asking myself. Thanks for listening, again."

Given this concern she voiced (keeping up on verifications coming in along with the pending apps), I'm wondering if there's something else other workers could help with. I'm not sure if it's possible (or if the system will allow it), but I figured it's worth asking, maybe other workers could monitor PPV cases after the intake worker certifies the first month, to watch for returned verifications, answer client questions, etc.? Right now the intake worker holds onto it until the client returns the verifications or doesn't and then certifies, ongoing or closes, but maybe those cases (temporarily) could be transferred to ongoing to be monitored so the intake worker could let go of that case and move on to the next?

My other thoughts is to tell Ms. Blount to go ahead and focus on the ones that are new apps today, but I know that cases returning verifications that aren't



PLAINTIFF'S EXHIBIT
E

9:47 PM
12/6/2021



Re: Worker concern

Kee, Camelia
To ● Mayes, Amanda R

↰ Reply    ↰ Reply All    → Forward    ⋯

Wed 10/20/21 4:55 PM

ⓘ You forwarded this message on 10/20/2021 4:51 PM.

Good afternoon Amanda,

Just a follow up to our meeting this afternoon. Workers are not to be working off the clock.

Thanks

Sent from my iPhone

On Oct 19, 2021, at 10:49 AM, Kee, Camelia <Camelia.Kee@norfolk.gov> wrote:

Thanks Amanda. Call me on your break.

From: Mayes, Amanda R <Amanda.Mayes@norfolk.gov>
Sent: Tuesday, October 19, 2021 10:38 AM
To: Kee, Camelia <Camelia.Kee@norfolk.gov>
Subject: Worker concern

Good morning Ms. Kee,

I just wanted to loop you in on a question I received from Ms. Blount, since we were talking yesterday about how people can help.

"Just to give you a heads up, I have 10 plus new app cases today. I had to make a decision to pause on the new applications for a moment to readsit...

PLAINTIFF'S EXHIBIT
F

FW: Worker concern

Mayes, Amanda R
To: Pagant, Sanya, O Hernandez, Josephine, Nesbit, Latoya D, Perry, Tarrie, O Wiggins, Veronica
Bcc: O'Kee, Canela

Wed 10/20/2021 4:51 PM

↩ Reply   ↩ Reply All   → Forward   ···

Good evening, ladies,

The supervisor team met this afternoon to address distributing workloads. As a first step, expedited workers are having some cases reassigned, so thank you for getting those lists to me. This should give us some time to catch up on cases closer to 7th day. There are some additional plans for addressing distribution of expedited cases on a longer-term basis too, but we'll announce more details as those plans are considered and implemented.

For now, please know that we're working on it. And please, as a reminder (see this keep email below), workers aren't permitted to work unpaid time, and overtime has not yet been approved.

I'll hold a short meeting in the morning to go over a few things, let me know if you have any questions before then. Have a great evening!

Amanda Mayes
Benefit Programs Supervisor

Norfolk Department of Human Services
741 Monticello Avenue
Norfolk, VA 23510

Phone: 757-297-6347
Fax: 757-664-3275
Amanda.Mayes@norfolk.gov

PLAINTIFF'S
EXHIBIT
G